**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JAMIEN PALMER,** | |
| *Plaintiff,* | |
| v. | Civil Action No. 22-cv-899-BAH |
| **STATE OF MARYLAND,** *et al.*, | |
| *Defendants.* | |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, Jamien Palmer, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 15, and respectfully moves to amend the Complaint filed in this matter, stating as follows:

1.      Prior to the filing of the instant suit, Plaintiff diligently sought the release of records relevant to his claims through the Maryland Public Information Act ("MPIA"), eventually filing a complaint for records in the Baltimore City Circuit Courthouse on July 17, 2020.  Case No: 24-C-20-003017.  Defendants eventually produced some documents, but most of them were redacted and not useful.

2.      Plaintiff filed the instant matter on March 14, 2022.  *See* ECF 1-2.

3.      On August 11, 2022, the Parties participated in a Scheduling Conference, pursuant to Fed. R. Civ. P. 16, to discuss the schedule for further proceedings in this case.  At the August 11, 2022 Scheduling Conference, Plaintiff's discovery requests had been served upon Defendants and it was stressed multiple times that in order to meet the proposed deadlines, and in particular the deadline to amend the complaint and Plaintiff's expert disclosure deadline, Plaintiff would need timely responses and answers from Defendants to said discovery requests.

4.      Defendants responded to Plaintiff's discovery requests initially but did not get Plaintiff a complete set of the most crucial documents—documents that were responsive to Plaintiff's initial MPIA request—that Plaintiff needed in order to appropriately and adequately amend his Complaint until March 31, 2023.  At that time, Defendants produced for the first time a report containing over 24,000 entries that are crucial to analyzing the data that is at the heart of this case.  This report was responsive to Plaintiff's initial discovery requests that were served upon Defendants on August 11, 2022.  Plaintiff's counsel has had three people working on cross referencing the data in this recently produced report with the tens of thousands of pages of documents that have already been produced since the day that it was produced.

5.      Pursuant to Fed. R. Civ. P. 15(a)(2), a "party may amend its pleading only with the opposing party's written consent or the court's leave."

6.      Appropriately and adequately identifying representative clients for this class action lawsuit would not be possible without having all of the data from Defendants that was just produced on March 31, 2023, and analyzing it in order to properly define any potential subclasses.

7.      As was discussed in the August 11, 2022 Scheduling Conference, Plaintiff's intention was to always amend his Complaint once he received the necessary documents and analyzed the data contained within.

8.      Moreover, as was also discussed at the August 11, 2022 Scheduling Conference, appropriately and adequately identifying representative clients is not possible until all of the data in the said documents is analyzed and potential subclasses are more properly defined.

9.      Accordingly, Plaintiff respectfully moves for leave of this Honorable Court to file the Amended Complaint.

Respectfully submitted,

HANSEL LAW, PC

_____/s/_____

Cary J. Hansel (Bar No. 14722)
Kristen M. Mack (Bar No. 30349)
cary@hansellaw.com
kmack@hansellaw.com
2514 North Charles Street
Baltimore, MD 21218
T: 301-461-1040
F: 443-451-8606
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 15, 2023, I caused the foregoing to be filed via the

Court's electronic filing system, which will make service on all parties entitled to service.

_____/s/_____

Kristen M. Mack